Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6279 | DATE | 3/11/2004 |
| CASE TITLE | Poole vs. Leon et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Leon and Foster's motion (Doc 41-1) is granted and Poole's complaint is dismissed in its entirety without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
✓ Mail AO 450 form.
Copy to judge/magistrate judge.

SCT courtroom deputy's initials

Date/time received in central Clerk's Office

number of notices

MAR 12 2004 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number

45

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL POOLE,                )
                             )
            Plaintiff,       )
                             )
    vs.                      )    02 C 6279
                             )
OFFICER LEON; OFFICER FOSTER; et al.,  )
                             )
            Defendants.      )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Ernesto Leon and Defendant Valerie Foster to dismiss Plaintiff Daniel Poole's complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

On April 26, 2002, Poole was a pretrial detainee in Division 9, Tier 1-C, a maximum security section of the Cook County Jail. Between 8:30 and 9:00 p.m., Poole and nine to 11 other inmates were released from their cells into a common area called the day room. The areas occupied by Poole and his fellow inmates—including cells, the day room, the bathroom, and the shower area—were under the charge and responsibility of Officers Leon and Foster. These areas were separated by walls and

doors, so one officer could not always observe occurrences in every area. After releasing the inmates into the day room, Leon took a lunch break, leaving Foster as the lone guard. Foster then left the day room and proceeded to the hallway to supervise inmates' use of a commissary cart. She watched inmates acquire personal goods from the commissary cart for a period of about 20 minutes. While in the hallway, Foster was unable to see large portions of the day room and bathroom.

During this time, four inmates grabbed Poole from the day room and dragged him into the bathroom shower area. Once there, they struck Poole repeatedly in the face and stomach. As two inmates held Poole down, one of the others pulled down his pants and underwear and sexually assaulted him. Shortly thereafter, another inmate replaced the first and assaulted Poole. Neither Leon nor Foster prevented or stopped the attack. After the attack, Poole was examined with the aid of a rape kit.

On April 28, 2002, Poole filed a formal grievance in accordance with the Cook County Department of Corrections Detainee Grievance Procedure. On May 2, 2002, the jail determined that Poole had not been raped but noted that the results of the rape kit had not been received. Poole was notified of the determination on May 5, 2002. He then had five working days (until May 11) to appeal the decision. May 11 came

and went with no appeal filed. According to Poole, he missed the deadline because unidentified investigators told him to await the results of his rape kit before appealing.[1]

After two weeks, Poole had not yet been given the results of his rape kit, so he took legal action. The complaint does not specify what type of legal action he took; his original complaint was not filed until September 3, 2002. The complaint has been twice amended, the second time with the aid of appointed counsel. The current complaint alleges violations of 42 U.S.C. § 1983 against Leon and Foster in their individual capacities for the failure to anticipate, prevent, or stop the attack, as well as claims against each that appear to be grounded in state law.

## DISCUSSION

Defendants have filed a motion to dismiss the entirety of the complaint on several grounds, including the exhaustion requirement of the Prisoner Litigation Reform Act ("PLRA"). Because exhaustion of administrative remedies is a necessary prerequisite to any prisoner suit and therefore potentially dispositive of the motion before us, we consider this issue first.

---

[1] It is not clear from the materials Poole has submitted when this event allegedly occurred, but we assume for purposes of this motion that it was before May 11.

I. **Exhaustion of Administrative Remedies**

The PLRA dictates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA helps to "reduce the quantity and improve the quality of prisoner suits," by "afford[ing] corrections officials time to address complaints internally." Porter v. Nussle, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988 (2002). The PLRA also works to "limit judicial intervention in the management of state and federal prisons." McCoy v. Gilbert, 270 F.3d 503, 509-510 (7th Cir. 2001). The Supreme Court has recently held that this requirement applies to every suit filed by a prisoner regarding events occurring during his or her incarceration, whether ongoing or isolated. Porter, 534 U.S. at 524, 122 S. Ct. at 988. For these reasons Congress requires prisoners to exhaust their administrative remedies. If a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, "then the prisoner must utilize that administrative system before filing a claim." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). If a prisoner plaintiff fails to exhaust his administrative remedies before filing suit, the district court must dismiss the complaint without reaching the merits. Perez v. Wis. Dept. of Corr., 182 F.3d 532, 535-36 (7th Cir. 1999).

Defendants contend that Poole failed to exhaust the administrative remedies set forth in the Cook County Department of Corrections Detainee Grievance Procedure ("grievance procedure").[2] As such, Defendants claim that Poole's complaint should be dismissed.

Poole argues that the advice of the investigators to delay filing his appeal until he received the results of the rape kit absolved him of the obligation to continue to pursue the administrative course he had begun. In support of his argument, Poole points to a case from the Eleventh Circuit. Miller v. Tanner, 196 F.3d 1190 (11th Cir. 1999). In Miller, an inmate filed a grievance against multiple guards, which was denied because he failed to sign and date the grievance form. Id. at 1192. The written denial, issued by the prison grievance clerk, included the statement: "[w]hen any grievance is terminated at the institutional level you do not have the right to appeal." Id. at 1194. The court concluded that this unequivocal statement to Miller that appeal was

---

[2] Under the grievance procedure, a detainee may file a grievance at any time related to: (1) alleged violations of civil, constitutional or statutory rights; (2) alleged criminal or prohibited acts by staff members; (3) and to resolve concerns within the facility that create unsafe or unsanitary living conditions. Grievances must be filed on a specified form and placed within designated locked boxes within 15 days of the alleged event. Within five days after the grievance is filed, the institution will provide the detainee with resolution of his grievance. A detainee may appeal the grievance decision within five working days from receipt of the decision. Such requests are placed in the same boxes as the initial grievance. The institution has 10 working days thereafter to review the appeal and reply to the detainee. All decisions rendered by the appellate authority are final.

prohibited in his circumstance meant that his prior actions in pursuing his grievance exhausted the administrative remedies available to him. Id.

In the instant case, the investigators did not inform Poole that he could not file an appeal from the denial of his grievance, making this case immediately distinguishable from Miller. Poole possessed the right to appeal and elected to delay his filing until he received the rape kit results. As such, he was not prevented from filing an appeal after the deadline passed; he affirmatively chose to follow advice that, as far as we can tell from the complaint, he was free to disregard. Moreover, the complaint is devoid of any allegation that Poole attempted to appeal at all, let alone that he was informed he could not. Instead, it appears that Poole assumed that the Department of Corrections would deny the appeal because of the missed deadline. As the Seventh Circuit noted in Perez, "[n]o one can *know* whether administrative requests will be futile; the only way to find out is to try." 182 F.3d at 536. Building on this idea, the court rejected any notion of a futility exception to the PLRA exhaustion requirement. Id. at 537. There is no room for a court or a plaintiff to speculate whether exhaustion would be unavailing under the specific circumstances of each case. Id. If a remedy exists, a plaintiff must allege that he or she pursued it as far as possible before bringing suit in federal court. Otherwise, administrative personnel are deprived of their

ability to respond to problems uniquely within their purview, and the opportunity for them to carry out their duties is short-circuited.

In short, Poole has impermissibly jumped the gun in filing the instant suit. As such, we cannot consider the merits of his claims.

## II. Supplemental Jurisdiction

In light of the foregoing, we can discern no basis to exercise supplemental jurisdiction over Poole's remaining state law claims. See 28 U.S.C. § 1367. Generally, when all federal claims are dismissed before trial, supplemental jurisdiction over any state law claim is relinquished as well. Bowman v. City of Franklin, 980 F.2d 1104, 1109 (7th Cir. 1992). Accordingly, we will not retain jurisdiction over his state law claims. They are also dismissed.

## CONCLUSION

For the foregoing reasons, Leon and Foster's motion is granted and Poole's complaint is dismissed in its entirety without prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 1 1 2004